Harold H.G. EDWARDS, Appellant,

v.

David E. CULBERTSON; Culbertson Law Offices; Richard David Smith, Appellees.

No. 02–1254.

United States Court of Appeals,
Eighth Circuit.

Submitted April 24, 2003.

Decided May 6, 2003.

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

PER CURIAM.

Harold H.G. Edwards (Edwards) appeals the district court's[1] order denying his

1. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

motion for a default judgment, and dismissing his complaint without prejudice. Edwards brought an action alleging RICO[2] violations and state law tort claims against Ohio attorney David E. Culbertson (Culbertson), Culbertson Law Offices, and Richard David Smith (Smith). After Culbertson was dismissed for lack of personal jurisdiction (an order Edwards does not appeal), the court dismissed the remaining defendants for lack of personal jurisdiction, and, alternatively, for failure to state a claim. The court also dismissed the remaining state law claims.

Having carefully reviewed the record and Edwards's brief, we conclude the challenged dismissal was proper, if not for lack of personal jurisdiction, then for failure to establish the existence of an "enterprise" for purposes of a RICO claim. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.1991) (district court may sua sponte dismiss complaint under Fed.R.Civ.P. 12(b)(6) so long as dismissal does not precede service of process); *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 570 (8th Cir.1996) (elements of RICO claim).

Edwards requested entry of a default judgment against Smith in the amount of $16,549.50 and a default judgment against Culbertson Law Offices in the amount of $39,459.59. Since Edwards's RICO claim fails, Edwards does not allege a sufficient amount in controversy ($75,000.00) to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Accordingly, we affirm. *See* 8th Cir. R. 47B. We deny Culbertson's pending motion.

---

**2.** The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968.